J-S44016-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.T., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: A.S. | : : : : : : : | |
| | : | No. 1684 EDA 2023 |

Appeal from the Order Entered June 2, 2023
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s):  CP-51-DP-0001317-2021

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED FEBRUARY 14, 2024**

Appellant A.S., a non-parental caregiver, appeals from the order determining that Appellant was a perpetrator of child abuse as it relates to N.T. (Child).  Appellant argues that the trial court erred in its determination and contends that he rebutted the presumption of child abuse.  We affirm.

By way of background, the Philadelphia Department of Human Services (DHS) filed an application for emergency protective custody on December 24, 2021, and a dependency petition on December 30, 2021.  The trial court held evidentiary hearings on December 6, 2022, and February 21, 2023.  On June 2, 2023, the trial court concluded that DHS had met its burden in establishing

_____

[*] Retired Senior Judge assigned to the Superior Court.

that Appellant was a perpetrator of child abuse.[1]  Specifically, the trial court determined that Child was under Appellant's care for a period of time after November 18, 2021, and made the following findings:

> [Child] suffered an injury that would not normally be sustained but for the acts or omissions of the parent or responsible person. To rebut the presumption, the parent or responsible person must present evidence demonstrating that they did not inflict the abuse, potentially by testifying that they gave full responsibility to someone else for whom they had no reason to fear of perhaps that the injuries were accident rather than abuse.
>
> The record clearly establishes that in the week leading up to [Mother] reporting [Child] having symptoms, [Child] was in the care of multiple people, including [Appellant and D.S.], who has not been named in this case as a perpetrator and [M]other.
>
> Mother testified that she lef – that [Child] was left with [D.S.] on November 27, 202[1] and with [Appellant] from November 29, 202[1] through December 3, 202[1].

N.T. Hr'g, 6/2/23, at 12-13.

Appellant filed a timely notice of appeal and complied with the mandates of Pa.R.A.P. 1925(a)(2).  In lieu of a Rule 1925(a) opinion, the trial court filed an order adopting its on-the-record findings from the June 2, 2023 hearing. **See** Trial Ct. Rule 1925(a) Order, 8/21/23, at 1-2 (unpaginated).[2]

---

[1] The trial court also determined that Child's mother, N.R. (Mother), was a perpetrator of child abuse.  N.T. Hr'g, 6/2/23, at 6.  Mother is not a party to the instant appeal.

[2] We emphasize that our standards of review require deference to the trial court's findings of fact and credibility determinations and that, generally, this requires the filing of an opinion pursuant to Pa.R.A.P. 1925(a).  **See In re Adoption of S.P.**, 47 A.3d 817, 826-27 (Pa. 2012) (noting that "there are

*(Footnote Continued Next Page)*

Appellant raises the following issue for our review:

Whether the trial court committed reversible error when it entered an order finding aggravated circumstances and child abuse as to [Appellant] upon insufficient and unconvincing evidence where [Appellant] rebutted the presumption that [Appellant] was the perpetrator of child abuse?

Appellant's Brief at 6 (some formatting altered).[3]

In his sole issue on appeal, Appellant argues that he "rebutted the presumption that he is the perpetrator of abuse because he did not have access to [] Child during the period when [] Child was injured." *Id.* at 21. Specifically, Appellant claims that although Dr. Phillip Scribano[4] testified that Child's injuries occurred sometime before November 27, Child was not in Appellant's care until November 29, so "[b]y the time [] Child arrived at [Appellant's] home[, Child] was already injured." *Id.* Appellant maintains

_____

clear reasons for applying an abuse of discretion standard of review in [dependency and termination of parental rights] cases" and acknowledging that "unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents" (citations omitted)); *see also In re S.K.L.R.*, 256 A.3d 1108, 1124 (Pa. 2021) (emphasizing that "[w]hen a trial court makes a 'close call' in a fact-intensive case . . . the appellate court should not search the record for contrary conclusions or substitute its judgment for that of the trial court").

[3] Neither DHS nor Child's guardian *ad litem*/legal counsel filed appellate briefs in this matter.

[4] Dr. Scribano is the section chief for the Center for Child Protection and Health at the Children's Hospital of Philadelphia, as well as a professor of pediatrics at the University of Pennsylvania's Perelman School of Medicine. N.T. Hr'g, 12/6/22, at 9. The trial court accepted Dr. Scribano as an expert. *Id.* at 8.

that he has rebutted the evidentiary presumption which established him as the responsible person who perpetrated child abuse based on the clear, unequivocal and convincing testimony of Dr. Scribano concerning the time frame when the injuries to Child were inflicted. Accordingly, Appellant asserts that "[DHS] has not clearly and convincingly proven its case that [Appellant] is the perpetrator of child abuse." *Id.* at 21.

In dependency cases, we "accept the findings of fact and credibility determinations of the trial court if they are supported by the record" and we review the determinations for an abuse of discretion. *In re L.Z.*, 111 A.3d 1164, 1174 (Pa. 2015) (citation omitted). The trial court may determine that person is "the perpetrator of child abuse" as part of a dependency adjudication. *Id.* at 1176.

In *In re C.B.*, 264 A.3d 761 (Pa. Super. 2021) (*en banc*), an *en banc* panel of this Court summarized the applicable law for a finding of child abuse:

> The requisite standard of proof for a finding of child abuse pursuant to [23 Pa.C.S. §] 6303(b.1) of the [Child Protective Services Law (CPSL), 23 Pa.C.S. §§ 6301-6388] is clear and convincing evidence. A petitioning party must demonstrate the existence of child abuse by the clear and convincing evidence standard applicable to most dependency determinations. Clear and convincing evidence is evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue.

*C.B.*, 264 A.3d at 770 (citations omitted and formatting altered).

In the instant case, Appellant does not dispute that Child was the victim of child abuse as defined by the CPSL.[5] **See** Appellant's Brief at 15. Rather, Appellant contends that there is insufficient evidence to establish that he was the perpetrator of the abuse.

In determining whether a parent or caregiver is a perpetrator of child abuse, the **C.B.** Court summarized the applicable law:

> As part of a dependency adjudication, a court may find a parent or caregiver to be the perpetrator of child abuse as defined by the CPSL. Section 6381 of the CPSL, which governs evidence in court proceedings, states that in addition to the rules of evidence relating to juvenile matters, the rules of evidence in this section shall govern in child abuse proceedings in court. Specifically, section 6381(d) provides for an attenuated standard of evidence in making a legal determination as to the abuser in child abuse cases where a child has suffered serious physical injury as would ordinarily not be sustained or exist except by reason of the acts or omissions of the parent or other person responsible for the welfare of the child.
>
> *       *       *
>
> Section 6381(d) of the CPSL . . . establishes a rebuttable, evidentiary presumption when a child sustains abuse not ordinarily suffered absent acts or omissions of a parent or other responsible party. Under such circumstances, the fact of abuse suffices to establish *prima facie* evidence of abuse by the parent or person responsible.
>
> To aid the Juvenile Court in determining whether a child has been abused, the Legislature deemed it wise and necessary to establish a different evidentiary standard for finding child abuse by a parent or person responsible for the child's care, one in contrast to the overall standard for determining dependency under the Act.

---

[5] The CPSL defines child abuse as*, inter alia*, "intentionally, knowingly or recklessly . . . [c]ausing bodily injury to a child through any recent act or failure to act[.]" 23 Pa.C.S. § 6303(b.1)(1).

This lessened standard of establishing abuse by the caretakers under section 6381(d), coupled with the clear and convincing evidence necessary to find dependency, has been imposed by the Legislature as the standard which the Juvenile Court must apply in deciding abuse cases. *Prima facie* evidence is not the standard that establishes the child has been abused, which must be established by clear and convincing evidence; it is the standard by which the court determines whom the abuser would be in a given case. . . .

\* \* \*

Under section 6381(d), a parent or other responsible caregiver may rebut the *prima facie* presumption with evidence:

> demonstrating that the parent or responsible person did not inflict the abuse, potentially by testifying that they gave responsibility for the child to another person about whom they had no reason to fear or perhaps that the injuries were accidental rather than abusive. The evaluation of the validity of the presumption would then rest with the trial court evaluating the credibility of the *prima facie* evidence presented by DHS and the rebuttal of the parent or responsible person.

\* \* \*

Under section 6381 of the CPSL, a petitioning party is not required to establish that the parent or caregiver perpetrated the abuse intentionally, knowingly or recklessly. Rather, in section 6381 cases, the fact of abuse suffices to establish *prima facie* evidence of abuse by the parent or person responsible, permitting petitioners to prove their case with only the physical evidence of injuries that would not ordinarily be sustained but for the action or inaction of the parents or responsible persons and the implausible statements of the parents and responsible persons.

*C.B.*, 264 A.3d at 770-73 (citations and footnote omitted and formatting altered).

In the instant case, the trial court reached the following conclusion:

[Appellant] has not rebutted the presumption of abuse because he failed to present any evidence to do so. [Appellant], as counsel

correctly pointed out, was not required to testify, but he needed to rely on evidence to rebut the testimony. In doing so, he relies upon Dr. Scribano's testimony to rebut the presumption.

[The trial court] finds that Dr. Scribano's testimony does not rebut the presumption.

* * *

Dr. Scribano did not give clear and convincing testimony as to the time frame of [Child's] injuries. And what's clear is that it could have happened in the several weeks leading up to when [Child] started presenting with symptoms.

What the documentation and the evidence in this case established is that in the weeks leading up to [Child] first presenting with symptoms, [Child] was both in the care of [Appellant], because the testimony was clear, that on November 18th of 2021, [Child] was with [Appellant].

In fact, [Child] fell off a couch at that point in time, and the testimony as reported by [Sharron Burke[6]] is that [Appellant] indicated he had [Child] for a few days after that incident of November 18, 202[1], and that it is unclear based on the evidence that came through, from Dr. Scribano when this injury occurred.

Therefore, without any testimony by [Appellant] himself to explain what happened when [Child] was in his possession, his reliance simply on the doctor's testimony and that of Ms. [Burke] and on this time line does not rebut the presumption, as there is not clear and convincing evidence as to when the injuries were sustained, but is clearly established that [Child] in the weeks leading up to the injuries that were reported was in the care of three different people, and for these reasons, I find that the child abuse exists in this case under this presumption as to [M]other and [Appellant].

N.T. Hr'g, 6/2/22, at 14-15, 17-19.

Following our review of the record, we discern no abuse of discretion by the trial court. *See L.Z.*, 111 A.3d at 1174. As noted by the trial court, there

_____

[6] Ms. Burke is an intake social worker for DHS. N.T. Hr'g, 2/21/23, at 5.

was no evidence to rebut the presumption that Appellant was the perpetrator of abuse.

At the hearing, Dr. Scribano testified that Mother notified Child's primary care provider of a "change in [Child's] behavior[,]" including a decrease in feeding, decrease in alertness, and decrease in activity on November 27, 2021. N.T. Hr'g, 12/6/22, at 27-28.[7] However, Dr. Scribano stated that due to the nature of Child's injuries, there is no "precise science" to determining the age of the injuries and exactly when the injuries occurred. *Id.* at 65. On this record, it is clear, based on witness testimony that Child was in Appellant's care on November 18, **before** the onset of Child's symptoms on November 27, as well as November 29, and December 1-3, **after** her symptoms became evident. *See* N.T. Hr'g, 12/6/22, at 17-18, 29, 36 (reflecting Ms. Burke's testimony that Mother left Child with Appellant on November 18, 2021, and that although Child fell off a couch at Appellant's house and bumped her head, Mother reported that Child was "okay" after that incident).[8]

Although Appellant contacted Mother to report that Child was defecating excessively on November 29, 2021,[9] there is no indication that Appellant

---

[7] Dr. Scribano further testified that the November 27, 2021 onset of symptoms is based on the assumption of accurate reporting by Mother. *See id.* at 66.

[8] Ms. Burke testified that Appellant told her that he promptly notified Mother of the incident and sent video of Child taken after the incident in which Child was actively playing and laughing. *See id.* at 36.

[9] *See id.* at 26-27, 30.

sought medical care for Child on that date or after Child returned to his care on December 1, 2021.

For these reasons, we conclude that the there is sufficient competent evidence to support the trial court's conclusions that Appellant failed to rebut the Section 6381(d) presumption. Accordingly, the trial court did not abuse its discretion when it determined that Appellant was the perpetrator of child abuse. We, therefore, affirm the trial court's order.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/14/2024